IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Floyd Exaltacao Fernandes, | ) | |
|     Plaintiff | ) | Civil Action |
| | ) | File No. 4:25-cv- |
| v. | ) | |
| | ) | |
| Sara Business Inc., Akbar Momin, and | ) | Jury Demanded |
| Rafik Najarali Karedia, | ) | |
|     Defendants. | ) | |
| | ) | |

PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW PLAINTIFF, Floyd Exaltacao Fernandes ("Mr. Fernandes" or "Plaintiff"), and complains of Sara Business Inc., Akbar Momin, and Rafik Najarali Karedia (collectively, the "Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

I.
INTRODUCTION AND SUMMARY OF SUIT

1. Plaintiff sues the Defendants pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2. The individual Defendants, Akbar Momin and Rafik Najarali Karedia, own and operate one or more gasoline stations (with convenience stores and gambling operations on the premises) in and around Houston, Texas ("Gas Stations"), including the Citgo branded gasoline station (with a convenience store and gambling operation on the premises) located at 7550 Homestead Street, Houston, Texas 77028, operated under the assumed name Homestead Food Mart ("Homestead Food Mart").

3. In violation of 29 U.S.C. § 207(a), the Defendants failed to pay Mr. Fernandes' overtime wages while he worked well in excess of 40 hours each week as a store clerk at the Homestead Food Mart.

1

4.     The individual Defendants, Akbar Momin and Rafik Najarali Karedia, have a uniform enterprise-wide policy of not paying overtime wages to their Gas Station clerks, which is evidenced not only by the fact that Mr. Fernandes received no overtime wages, but also that other co-workers suffered the same theft of overtime earnings while working at the Gas Stations, including the Homestead Food Mart location.

5.     Now, pursuant to 29 U.S.C. § 207(a) and 29 U.S.C. § 216(b), Mr. Fernandes seeks unpaid overtime wages, liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure of the FLSA.

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

6.     Mr. Fernandes files suit pursuant to the FLSA, a federal statute. 28 U.S.C. §1331.

7.     Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

8.     Plaintiff, **Floyd Exaltacao Fernandes**, is a resident of Harris County, Texas. During the relevant period, Mr. Fernandes was an "employee" under the FLSA.

9.     Defendant, **Sara Business Inc.**, is a Texas corporation wholly owned and controlled by individual Defendants Akbar Momin and Rafik Najarali Karedia, who are its shareholders, directors, and officers. This Defendant may be served with summons and complaint by serving Defendant Akbar Momin, its duly appointed Registered Agent, at 7550 Homestead Street, Houston, Texas 77028 (the address this Defendant has provided to the Texas Secretary of State for service of process upon its registered agent). This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff; and, by operating one or more Gas Stations, this Defendant is engaged in business in the State of Texas. For this reason, the Court has personal jurisdiction over this Defendant.

10. Defendant, **Akbar Momin,** may be served with summons and complaint at his place of business at 7550 Homestead Street, Houston, Texas 77028. Defendant Momin is a shareholder, director, officer and registered agent of Defendant Sara Business Inc. Defendant Momin has acted, directly or indirectly, in the interest of an employer with respect to an employee, namely, Plaintiff Fernandes. Further, this Defendant resides, and is engaged in business, in the State of Texas. For this reason, the Court has personal jurisdiction over this Defendant.

11. Defendant, **Rafik Najarali Karedia,** may be served with summons and complaint at his residence at 8211 Dragonfly Drive, Richmond, Texas 77469. Defendant Karedia is a shareholder, director and officer of Defendant Sara Business Inc. Defendant Karedia has acted, directly or indirectly, in the interest of an employer with respect to an employee, namely, Plaintiff Fernandes. Further, this Defendant resides, and is engaged in business, in the State of Texas. For this reason, the Court has personal jurisdiction over this Defendant.

12. Whenever the complaint alleges that one or more Defendant committed any act or omission, it is meant that such act or omission was not only committed individually or jointly by those Defendants, but also by Defendants' officers, directors, vice-principals, agents, servants, or employees, and that at the time such act or omission was committed, it was done with full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of one or more Defendant's officers, directors, vice-principals, agents, servants, or employees.

## IV.
### FLSA COVERAGE

13. In this civil action, the "relevant period" refers to the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of jury verdict and judgment.

14.     During a part of the relevant period, each Defendant was an "employer", and in particular, an employer of the Plaintiff. 29 U.S.C. § 203(d).

15.     During a part of the relevant period, Mr. Fernandes was an "employee", and in particular, an employee of each Defendant. 29 U.S.C. § 203(e).

16.     During the relevant period, Defendants were an "enterprise". 29 U.S.C. § 203(r) and 29 U.S.C. § 203(s)(1)(A).

17.     During the relevant period, the Defendants together were an integrated enterprise.

18.     During the relevant period, Defendants were an enterprise engaged in commerce or in the production of goods for commerce because they had employees who were engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 203(s)(1).

19.     For each year falling within the relevant period, Defendants had annual gross business volume in excess of the statutory standard.

20.     During a part of the relevant period, Mr. Fernandes and other clerks working for the Defendants were employees engaged in commerce or in the production of goods for commerce.

21.     Each such employee, including Mr. Fernandes, engaged in work that required the handling and sale of goods that had travelled into Texas from outside the state, including gasoline and typical convenience store items for resale. Such items included, without limitation, snacks, cigarettes, cigars, beer, wine, soft drinks, and over-the-counter medicines.

22.     Each employee, including Mr. Fernandes, also worked with equipment that was produced outside the state of Texas, including cash registers, computer equipment, electronic gambling machines, gasoline pumps and gasoline dispensing stations.

23.     Each employee, including Mr. Fernandes, also utilized instrumentalities of interstate commerce, including processing credit cards as payment from Gas Station customers, and selling lotto tickets for a nationwide lottery.

## V.
### FACTS

24. Defendants employed Mr. Fernandes as a store clerk at the Homestead Food Mart from October 2021, until May 18, 2023.

25. Mr. Fernandes performed duties typically performed by a gasoline station and convenience store clerk, such as operating the cash register, assisting local and out-of-state customers with their purchases, stocking inventory on shelves, and cleaning / maintaining the premises.

26. The Defendants controlled Mr. Fernandes' terms and conditions of employment, including decisions relating to his wages, the method of payment of his wages, his hourly pay rate, and the number of hours he worked during each workweek at the Homestead Food Mart.

27. At the outset of Mr. Fernandes' employment, Defendants informed Mr. Fernandes that he will be working well in excess of 40 hours a week.

28. Mr. Fernandes typically worked between 80 to 90 hours a week.

29. During his employment at the Homestead Food Mart, Mr. Fernandes was promised the pay rate of $13.00 per hour, in cash, and he received no overtime wages as the FLSA requires.

30. By choosing to pay Mr. Fernandes with cash, the Defendants failed to create and maintain proper pay records as to the wages he earned at the Homestead Food Mart.

31. Likewise, the Defendants do not possess accurate time records indicating the weekly hours Mr. Fernandes worked at the Homestead Food Mart.

32. Defendants knowingly and willfully failed to pay Mr. Fernandes' overtime wages.

33. In addition to the other damages the FLSA allows Plaintiff to recover, Mr. Fernandes now sues for all unpaid overtime wages the Defendants owe for his weekly overtime hours worked.

**VI.**
**CAUSE OF ACTION AND DAMAGES SOUGHT**

Violation of 29 U.S.C. § 207(a) – Failure to pay overtime wages

34.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

35.     During the relevant period, Mr. Fernandes and other clerks working for the Defendants were employees engaged in commerce or in the production of goods for commerce. Each such employee engaged in work that required the handling and sale of goods that had travelled into Texas from outside the state. Such goods included, without limitation, gasoline, food items, cigarettes, cigars, alcohol, merchandize, and miscellaneous supplies. Each employee also worked with equipment that was produced outside the state of Texas, including cash registers, computer equipment, electronic gambling machines, gasoline pumps and gasoline dispensing stations. Further, each employee utilized instrumentalities of interstate commerce, including processing credit cards as payment from Defendants' customers, and selling lotto tickets for a nationwide lottery.

36.     Therefore, both individual and enterprise coverage exists under the FLSA.

37.     By working at the Homestead Food Mart as a clerk, Mr. Fernandes was an "employee" of Defendant Sara Business Inc., the "employer".

38.     By working at the Homestead Food Mart as a clerk, Mr. Fernandes was an "employee" of Defendant Akbar Momin, the "employer".

39.     By working at the Homestead Food Mart as a clerk, Mr. Fernandes was an "employee" of Defendant Rafik Najarali Karedia, the "employer".

40.     Mr. Fernandes was non-exempt under the FLSA because he was paid on an hourly basis for the duration of his employment.

6

41.     As a result, no exemption excused Defendants' failure to pay Mr. Fernandes the overtime wages he earned during his employment at the Homestead Food Mart.

42.     Also, during his employment, Mr. Fernandes worked overtime hours on a weekly basis, and the Defendants were aware that he worked such overtime hours.

43.     The Defendants have knowingly, willfully, and with reckless disregard, carried out their illegal pattern and practice, week after week, year after year, of not paying overtime to their clerks, which included Mr. Fernandes.

44.     In violation of 29 U.S.C. § 207(a), the Defendants have engaged in a wide-spread practice of requiring their clerks to work overtime hours on a weekly basis without paying the required overtime at one and one-half times each clerk's respective base hourly pay. Defendants even informed Mr. Fernandes that no overtime would be paid despite being required to work overtime hours on a weekly basis.

45.     Mr. Fernandes did not receive any overtime wages from the Defendants, and he now sues to recover all such overtime wages earned while working for the Defendants at Homestead Food Mart.

46.     In addition to his unpaid overtime wages, Mr. Fernandes seeks liquidated damages in an amount equal to his unpaid overtime wages.

47.     Further, Mr. Fernandes seeks attorney's fees and costs for bringing this action pursuant to the FLSA. 29 U.S.C. §216(b) states that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

48.     Mr. Fernandes seeks post-judgment interest at the highest rate allowed by law, assessed upon all damages, including attorney's fees and costs.

## VII.
### JURY DEMAND

49.     Mr. Fernandes demands a jury trial.

## VIII.
### PRAYER FOR RELIEF

FOR ALL OF THESE REASONS, Plaintiff Floyd Exaltacao Fernandes respectfully requests that upon conclusion of a jury trial and a final hearing, the Honorable Court grant relief by entering Final Judgment, jointly and severally, against Defendants Sara Business Inc., Akbar Momin, and Rafik Najarali Karedia, as follows:

a.     Declare the Defendants violated 29 U.S.C. § 207(a) because they failed to pay Mr. Fernandes' overtime wages;

b.     Declare that the Defendants' violations of the FLSA are willful;

c.     Order Defendants to pay Mr. Fernandes' unpaid overtime wages;

d.     Order Defendants to pay liquidated damages in an amount equal to Mr. Fernandes' unpaid overtime wages;

e.     Order Defendants to pay Mr. Fernandes' reasonable attorney's fees and all costs of litigation; and,

f.     Order the Defendants to pay post-judgment interest, accessed on all amounts comprising the Final Judgment, at the prevailing interest rate in accordance with 28 U.S.C. §1961.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By:     */s/ Salar Ali Ahmed*
        **Salar Ali Ahmed**
        Federal Id. No. 32323
        State Bar No. 24000342
        430 W. Bell Street
        Houston, Texas 77019
        Telephone: (713) 898-0982
        Email: aahmedlaw@gmail.com

        **Attorney for Plaintiff**
        **Floyd Exaltacao Fernandes**

8